# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00007-MR
# [CRIMINAL CASE NO. 2:10-cr-00009-MR]

| | |
|---|---|
| JAMES ERNEST LESPIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on review of the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and the Government's Response [Doc. 9].

Rule 8(a) of the Rules Governing Section 2255 Proceedings states that if a motion is not dismissed, the Court must review the answer, any transcripts and records of prior proceedings, and any materials submitted in support of the motion to vacate to determine whether an evidentiary hearing is warranted. Barring a clear record indicating that a petitioner is entitled to no relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief, the court *shall* … grant a prompt hearing thereon[.]") (emphasis added).

Upon review of the record, the Court finds that factual disputes exist regarding the Petitioner's claims. Additionally, because the nature of the factual dispute between the parties necessarily involves the Court making a credibility determination, this matter falls into the "category of petitions … that will require an evidentiary hearing in open court." Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

**IT IS, THEREFORE, ORDERED** that the Court will conduct an evidentiary hearing in this matter. The Court will notify the parties of the scheduling of such hearing.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge